**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Joyce Carpenter, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.  11 C 8017 |
| Frederick J. Hanna & Associates, P.C., a Georgia professional corporation, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Joyce Carpenter, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant transacts business here.

## PARTIES

3. Plaintiff, Joyce Carpenter ("Carpenter") is a citizen of the State of Michigan, from whom Defendant attempted to collect a delinquent consumer debt owed for a Chase Bank credit card, despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4.      Defendant, Frederick J. Hanna & Associates, P.C. ("Hanna"), is a Georgia professional corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts.  Defendant Hanna operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including thousands of consumers in the State of Illinois.  In fact, Defendant Hanna was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debts it attempted to collect from Plaintiff.

## FACTUAL ALLEGATIONS

7.      Ms. Carpenter is a senior citizen, with limited assets and income, who fell behind on paying her bills, including a consumer debt she owed for her Chase Bank credit card.  At some point in time after that debt became delinquent, a debt collector, Frederick J. Hanna & Associates, P.C., demanded that Ms. Carpenter pay the debt, via a collection letter dated October 10, 2011.  Ms. Carpenter thus sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant's collection activities. A copy of Defendant's collection letter is attached as Exhibit A.

8.      Accordingly, on November 5, 2011, one of Ms. Carpenter's attorneys at LASPD informed Hanna, in writing, that that Ms. Carpenter was represented by counsel and directed Hanna to cease contacting Ms. Carpenter, and to cease all further collection activities because Ms. Carpenter was forced, by her financial circumstances, to refuse to pay her unsecured debt.  Copies of this letter and fax confirmation are attached as Exhibit B.

9. Nonetheless, Defendant Hanna continued to call Ms. Carpenter directly in an attempt to collect the Chase Bank debt, including, but not limited to, telephone calls made to Ms. Carpenter by Defendant Hanna from telephone numbers 866-306-8250 and 770-988-9055, on November 7, 2011 at 8:50 a.m., and 9:00 a.m., and on November 8, 2011 at 9:10 a.m.

10. In response, on November 9, 2011, Ms. Carpenter's LASPD attorney faxed Defendant Hanna a letter, again directing them to cease communications and to cease collections. Copies of this letter and fax confirmation are attached as Exhibit C.

11. Defendant Hanna's collection actions complained of herein occurred within one year of the date of this Complaint.

12. Defendant Hanna's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
## Violation Of § 1692c(c) Of The FDCPA --
## Failure To Cease Communications And Cease Collections

13. Plaintiff adopts and re-alleges ¶¶ 1-12.

14. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

15. Here, the letter from Carpenter's attorney/agent, LASPD, told Defendant Hanna to cease communications and cease collections. By continuing to communicate and demanding payment, Defendant Hanna violated § 1692c(c) of the FDCPA.

16. Defendant Hanna's violations of § 1692c(c) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692c(a)(2) Of The FDCPA --**
**Communicating With A Consumer Represented By Counsel**

17. Plaintiff adopts and re-alleges ¶¶ 1-12.

18. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

19. Defendant Hanna knew that Carpenter was represented by counsel in connection with her debt because her attorneys at LASPD had informed Defendant, in writing, that she were represented by counsel, and had directed Defendant Hanna to cease directly communicating with her. By directly contacting Carpenter, despite being advised that she was represented by counsel, Defendant Hanna violated § 1692c(a)(2) of the FDCPA.

20. Defendant Hanna's violations of § 1692c(a)(2) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**PRAYER FOR RELIEF**

Plaintiff, Joyce Carpenter, prays that this Court:

1. Find that Defendant Hanna's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff, and against Defendant Hanna, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of

the FDCPA; and,

    3.    Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Joyce Carpenter, demand trial by jury.

                                          Joyce Carpenter,

                                          By: /s/ David J. Philipps_____
                                          One of Plaintiffs' Attorneys

Dated: November 10, 2011

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com